UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

CHERRI J. MITCHELL

    Defendant.

Case No.  CR99-5213RJB

ORDER ON MOTION FOR ORDER DECLARING SATISFACTION OF RESTITUTION OBLIGATION

    This matter comes before the court on the above-referenced motion (Dkt. 27).  The court is familiar with the records and files herein and documents filed in support of and in opposition to the motion, including a letter with attachments filed by defendant (Dkt. 25).

    Defendant's motion is for an order adjusting restitution and finding restitution to be satisfied. Dkt. 27.  The request is based upon an apparent settlement defendant entered into with Cumis Insurance Society for less than the full balance of the restitution amount than the court had ordered at sentencing.  In an amended judgment and sentence entered on 29 October 1999 (Dkt. 21), the court ordered the defendant to pay restitution to Cumis Insurance Society in the amount of $33,800.14.  One hundred dollars restitution was also ordered paid to the Twin County Credit Union.  This latter obligation is not an issue in this motion.  The defendant has now filed three

ORDER ON MOTION FOR ORDER DECLARING SATISFACTION OF RESTITUTION
OBLIGATION - 1

documents from Cumis Insurance Society indicating payment of certain obligations. As attachments to Docket 27, the defendant filed a Satisfaction of Judgment in Pierce County Superior Court, Cause No. 99-2-06656-7, which indicated satisfaction "of the judgment signed by the judge on 10/4/05." Defendant also filed a Satisfaction of Judgment from Thurston County Superior Court referencing judgment number 99-00973-1 and Superior Court Cause No. 99-2-00888-7. This document reflected satisfaction "of the judgment signed by the judge on May 12, 1999." Also filed was a receipt from Cumis Insurance Society, Inc., on CUNA Mutual Group letterhead, indicating receipt of $10,000 and marked "paid in full per our agreement." The latter two documents were also filed as attachments to the motion (Dkt. 27). The Judgment and Restitution Order in this case was not referenced in any of the documents from the victim, Cumis Insurance Society. While defendant argues that she has now fully satisfied all of Cumis Insurance Society's claims, the record is not clear that the documents filed are intended to satisfy the restitution obligation in this case or whether the state judgments referenced represent the same monies covered by the restitution order.

Also missing from the file is any indication that the victim, Cumis Insurance Society, has been notified of these proceedings.

The court ordered restitution in this matter pursuant to 18 U.S.C. § 3556 and 18 U.S.C. § 3663 and § 3663(a), the Mandatory Victim Restitution Statute. Pursuant to 18 U.S.C. § 3556, the procedures under 18 U.S.C. § 3664 apply to restitution orders.

In setting restitution, the court has authority to set scheduled payments as well as the total amount. 18 U.S.C. § 3572(d)(2). It should be noted that restitution is not in and of itself punishment, but is for the purpose of making crime victims whole. United States v. Gordon, 393 F.3d 1044 (9th Cir. 2004). Nevertheless, restitution obligations are considered by the court in determining the punishments to be imposed at sentencing. In other words, financial obligations are coordinated by the court at sentencing.

ORDER ON MOTION FOR ORDER DECLARING SATISFACTION OF RESTITUTION OBLIGATION - 2

1     Although couched in terms of an order pursuant to 18 U.S.C. § 3572, an order of restitution is a final judgment pursuant to 18 U.S.C. § 3664(o). Nevertheless, the law provides that a judgment/order of restitution may be adjusted. 18 U.S.C. §3664(o)(1)(D). That section refers to adjustments under 18 U.S.C. § 3664(k), which in turn provides that upon notice of a material change in the "defendant's economic circumstances" and upon notice to the victim, "the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule or require immediate payment in full as the interest of justice so requires." It follows from that statute that the court has the power to suspend payments on restitution and it appears to the court that inherent within that statute is the authority for the court to determine balances due on restitution. The ability to adjust the payment schedule would mean nothing if the court did not have the authority to determine balances due.

There are additional observations that should be made regarding this case. If the victim did settle plaintiff's obligations to it, the victim could no longer accept additional restitution payments from the defendant. Since restitution is designed to make the victim whole and not to increase the federal treasury, the federal government could not accept further restitution payments. In other words, if the defendant's view of this matter is accurate, there is no one left to accept payments on a satisfied debt.

While defendant may have attempted to settle her restitution obligation directly with the victim, the issue of satisfaction of restitution is not now presented <u>ex parte</u>.

The court should reset this matter so that the parties can notify the victim of the material change of economic circumstances the defendant urges (that is, settlement in full of the obligation to the victim), and so that the victim will have the opportunity to either file appropriate documentation indicating payment of the restitution obligation to its satisfaction or to contest defendant's position, all pursuant to 18 U.S.C. § 3664(k) and § 3771.

ORDER ON MOTION FOR ORDER DECLARING SATISFACTION OF RESTITUTION OBLIGATION - 3

The parties should confer on the appropriate notice to the victim so that plaintiff can make the proper certification of notice to the court as required by 18 U.S.C. § 3664(k).

Any supplemental pleadings or documents should be filed on or before December 22, 2005, and the motion is reset for consideration on December 23, 2005..

**IT IS SO ORDERED.**

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 29th day of November, 2005.

Robert J. Bryan
United States District Judge

ORDER ON MOTION FOR ORDER DECLARING SATISFACTION OF RESTITUTION OBLIGATION - 4