1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT
                              WESTERN DISTRICT OF WASHINGTON
9                                        AT TACOMA

10

11    UNITED STATES OF AMERICA,

12                    Plaintiff,
                                                    Case No.   CR99-5213RJB
13            v.
                                                    ORDER
14    CHERRI J. MITCHELL

15                    Defendant.

16           This matter comes before the court on defendant's Motion for Order Declaring Satisfaction

17    of Restitution Obligation (Dkt. 27).  The court is familiar with the records and files herein and

18    documents filed in support of and in opposition to the motion.

19           A recitation of the facts is necessary to an understanding of the issues raised by this motion:

20    The defendant was sentenced for Bank Fraud after a guilty plea.  The Amended Judgment (Dkt. 21)

21    shows that the sentence included imprisonment of six months to be followed by five years of

22    supervised release, and included a requirement of restitution of $33,800.14 to Cumis Insurance

23    Society Inc. and $100 to Twin County Credit Union.  (The Twin County Credit Union restitution

24    amount is not in issue here.)  Interest on the restitution was waived.  As part of additional supervised

25    release terms, the court ordered that balances on the restitution were to be paid during the period of

26    supervision in monthly installments as directed by defendant's U.S. Probation Officer.  Apparently,

ORDER- 1

1   Ms. Mitchell is no longer on supervised release due to the lapse of time.  The file does not reflect

2   what the directions of the defendant's probation officer were.  The judgment also required that

3   payments on restitution be made payable to the United States District Court Clerk for the Western

4   District of Washington.  The Clerk's Office remits to the victim the restitution paid.

5       The clerk's accounting record, a copy of which is attached hereto, shows that, as of January

6   10, 2006, the defendant had paid, through the Clerk's Office, $9,802.00 on an original ordered

7   restitution amount of $23,900.41, with a balance due of $14,098.41.  Why the "ordered amount" in

8   the clerk's records is $10,000.00 short of the amount in the Amended Judgment is unknown to the

9   court.  The Clerk's Office has orally advised the undersigned that they have not received any "payoff

10   word" from the victim, Cumis Insurance Society Inc.

11       Plaintiff's Motion for Order Declaring Satisfaction of Restitution Obligations (Dkt. 27)

12   reflects, in Exhibit 1 thereto, that Cumis Insurance Society Inc. has acknowledged "full satisfaction

13   of the judgment signed by the judge on May 12, 1999."  The judgment referred to is a judgment of

14   the Superior Court of the State of Washington in and for Thurston County.  Exhibit 2 attached to the

15   motion is a receipt for $10,000.00 from the defendant and indicates no balance due and "paid in full

16   per our agreement."  The receipt indicates a balance due of $21,464.75 before the $10,000.00

17   payment, which apparently leaves a balance forgiven by Cumis Insurance of $11,464.75.  The clerk's

18   accounting record does not show that the $10,000.00 payment was made through the Clerk's Office.

19

20       Plaintiff's counsel has had contact with Cumis Insurance as is reflected in its responses to the

21   motion (Dkts. 30 & 34).  Plaintiff's counsel indicates that the civil payments to Cumis Insurance

22   were for the same funds that were involved in the criminal restitution.  Counsel also indicates that

23   Cumis Insurance's position is that "the language and spirit of the agreement was to settle all claims

24   between Cumis and Ms. Mitchell" and that Cumis "does not believe it is owed further funds by Ms.

25   Mitchell from either the civil case or from criminal restitution.  If Cumis was to receive further funds

26

1   through the court in the form of restitution, Cumis would be required to return such funds consistent

2   with the settlement."  Counsel for plaintiff also indicates that Cumis has declined to assign any

3   restitution interest it may have to the Crime Victim's Fund pursuant to 18 U.S.C. § 3664(g)(2).

4                                              DISCUSSION

5          The defendant requests that court issue an order declaring that defendant's restitution

6   obligation has been satisfied and that the judgment lien be released pursuant to 18 U.S.C. §

7   3664(o)(1)(D) and 18 U.S.C. § 3613(c).  Under 18 U.S.C. § 3664(o)(1)(D), which refers to §

8   3664(k), it appears that the court has the authority to adjust the order of restitution, at least as to

9   payment schedule.  Under that authority, the court could require no further payments and could,

10  under 18 U.S.C. 3613(c), declare that the statutory lien and underlying liability is satisfied.

11         The plaintiff contests those conclusions and points out that restitution in this case was

12  mandatory for the full amount of the loss under the Mandatory Victim Restitution Act, 18 U.S.C. §

13  3663(a)(1) and (f)(1)(A).  The plaintiff argues that it would be inappropriate to allow criminal

14  defendants to unilaterally modify lawfully entered criminal restitution judgments.  While the court

15  agrees with that proposition, that is not what is going on here.  Ms. Mitchell has appropriately

16  requested that the court look at her arrangement with the crime victim to determine whether further

17  restitution need be paid.  She may have unilaterally entered into an agreement with the victim, but

18  that agreement is not binding on the court and does not directly control the balance due on

19  restitution ordered by the court.  The plaintiff acknowledges that Ms. Mitchell's payment of

20  $10,000.00 should be credited toward restitution, but correctly argues that restitution is separate

21  from any civil settlement.  Under the circumstances presented, it was appropriate for defendant to

22  raise this issue of restitution balance before the court.

23         While arguing that the court cannot modify restitution judgments, the government urges that

24  the court do exactly that by changing the restitution beneficiary from the victim in this case to the

25  Crime Victim's Fund.  Whatever restitution is owed is owed to the victims in this case and not to

26

ORDER- 3

1   crime victims at large.  Such a change in the judgment is, in the court's opinion, beyond the authority

2   of the court.

3        It appears that once the record is completed, the court will be faced with two choices:  The

4   first choice is to adjust the payment schedule to $0 under the authority of 18 U.S.C. § 3664(o)(1)(D)

5   and § 3664(k).  The result would have the practical effect of declaring that defendant's restitution

6   obligation has been completed.  (The court notes that payments of a debt can be made in different

7   ways: by cash payments of the entire balance due, by barter or trade, by services, or by other

8   agreements, and it is common for debtors to receive a discount for an early payoff or a cash payoff.

9   The latter is apparently what the defendant and the victim agreed to here.)

10       The second choice is to deny the motion and leave matters as they are.  That would mean

11   that, in order to clear this debt, the defendant would have to tender all of the balance due to Cumis

12   Insurance through the Clerk's Office.  Since Cumis could not accept those funds pursuant to its

13   agreement with defendant, they would have to refund the monies to the defendant, thereby creating a

14   burden on the victim, the defendant, and the Clerk's Office while providing no benefit to the plaintiff

15   or to the victim.

16       The court should leave the final decision between these choices until the record in this case is

17   completed as follows:

18       (1) The clerk's record should be corrected as may be appropriate.  The parties should advise

19   the court if the initial ordered amount was in error.  The court will request such a correction or other

20   explanation.  The defendant should see to the proper crediting of the $10,000.00 payment on the

21   clerk's record.

22       (2) The probation department should be invited to report to the court its history with

23   restitution and the defendant in this case.  The court will request such a report.

24

25

26

ORDER-4

(3) Cumis Insurance Society Inc. should be requested, <u>by the parties</u>, to advise the Clerk's Office as to their position on the balance due on the restitution order, and should provide a copy of the written payoff agreement, if any, reached with the defendant, and an acknowledgment that monies received by them as settlement of the state case referred to above does, in fact, apply to the federal restitution.

On completion of the record as aforementioned, and on receipt of any additional comments in writing from counsel, which may be filed within 15 days of the date of this order, the court will issue a final order.

**IT IS SO ORDERED.**

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address, and to Cumis Insurance Society Inc.

DATED this 11th day of January, 2006.

Robert J. Bryan
United States District Judge

ORDER- 5